UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANTONIO BERNACETT-RODRIGUEZ<br>B.O.P. # 40727-069 | : | DOCKET NO. 16-cv-959 |
| VERSUS | : | JUDGE TRIMBLE |
| FEDERAL BUREAU OF PRISONS | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner, Antonio Bernacett-Rodriguez ("Bernacett-Rodriguez"). Bernacett-Rodriguez is in the custody of the Federal Bureau of Prisons ("BOP"), and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. However, his petition is based on events that occurred while he was incarcerated at the Federal Correctional Institute in Fort Dix, New Jersey.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

Bernacett-Rodriguez seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction that resulted in the loss of good time credits and other sanctions. Doc. 1, att. 1, p. 2. Specifically, on October 10, 2014, a cell phone was found inside a pillow located on his top bunk. *Id.* at 1. As a result, he was charged with possession of a hazardous tool, namely a cell phone. *Id.* The charged offense was referred to the Disciplinary Hearing Officer ("DHO"). On

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Because Bernacett-Rodriguez was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *Id.*; 28 U.S.C. § 2241(d).

October 30, 2014, a hearing was held before the DHO, wherein Bernacett-Rodriguez was found guilty of the prohibited act. *Id.* at 2. Bernacett-Rodriguez's sanctions included, among other things, loss of 40 days of good time credit.[2] *Id.* Bernacett-Rodriguez provided documentation indicating that he appealed the DHO's findings at every level. Doc. 1, att. 1, pp. 4–10.

Bernacett-Rodriguez states that he was taking a shower when the cell phone was located in his bunk. Doc. 1, p. 5. He alleges that his bed is in an open cubicle with no doors, that the only area over which inmates have control are their lockers, and that anyone could have left the cell phone in his pillow. *Id.* He also alleges that his request to have the cell phone investigated for fingerprints or phone numbers belonging to him was denied. *Id.* at 4–5. He claims that an investigation would have cleared him of the charges. *Id.* Finally, he complains that the disciplinary hearings had "very little [t]ranslation . . . to the point of [c]omplete [c]onfusion," with the ultimate goal of having Bernacett-Rodriguez "[s]ign quickly and be [transferred]." *Id.* at 4.

## II.
### LAW AND ANALYSIS

Bernacett-Rodriguez seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . . ." 28 U.S.C. § 2241(c)(3). Here Bernacett-Rodriguez claims that he was wrongfully deprived of good time credits and other privileges.

*A. Miscellaneous Sanctions*

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d

---

[2] The other sanctions included loss of visitation, phone, email, and commissary privileges, and disciplinary segregation (fifteen days suspended over ninety days). Doc. 1, att. 1, p. 2.

765, 767–68 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandlin v. Conner*, 115 S. Ct. 2293, 2301 (1995) (no liberty interest protecting against a 30 day period of disciplinary segregation) *with Wilkinson v. Austin*, 125 S. Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause). The Fifth Circuit has also decided that adjustments to a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Here the disciplinary segregation sentence was of a limited duration. The other sanctions mentioned above do not implicate a protected liberty interest. Accordingly, Bernacett-Rodriguez cannot show that he is entitled to *habeas corpus* relief from these particular forms of punishment.

### B. *Loss of Good Time Credits*

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S. Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S. Ct. 2768 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill*, 105 S. Ct. at 2773–74; *Wolff*, 94 S. Ct. at 2978–80.

To the extent that Bernacett-Rodriguez claims that the hearing did not satisfy the above requirements because of lack of interpretation, we note that it is unsettled whether due process requires that an interpreter be provided at prison disciplinary proceedings. *See Encarnacion-Montero v. Sanders*, 2014 WL 3751940, *6 (C.D. Cal. Jul. 29, 2014) (collecting cases). In this case, however, there is no indication that Bernacett-Rodriguez required the services of an interpreter. He has submitted coherent *pro se* filings in this matter, reflecting his understanding of the English language. *See* docs. 1, 9. Furthermore, he does not identify any portion of the disciplinary hearings that were beyond his understanding. Based on his recollection and the statement he made at the hearing, it is apparent that he had sufficient understanding of the charges and the proceeding. *See* doc. 1, pp. 4–5; doc. 1, att. 1, p. 2. Accordingly, the lack of an interpreter did not deprive him of notice of the charges or the opportunity to present evidence.

Courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill*, 105 S. Ct. at 2773–74. Accordingly, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–37.

In this case, the DHO considered the following: (1) the incident report; (2) the investigation; (3) a photograph of the cell phone; (4) a memorandum submitted by senior officer specialist M. Kim; and (5) a memorandum submitted by correctional officer J. Carr. Doc. 1, att. 1, p. 2. Based on a review of the above information, the hearing officer found Bernacett-Rodriguez

guilty of the charged offense. Bernacett-Rodriguez's claim that further investigation might have yielded exculpatory evidence is insufficient to overturn the DHO's decision, which was clearly supported by more than a modicum of evidence.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE